UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80780-MATTHEWMAN

WEST PALM BEACH ACQUISITIONS, INC.,
d/b/a Greenway Kia West Palm Beach, and
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY & MOTOR VEHICLES,

    Plaintiffs,

vs.

KIA MOTORS AMERICA, INC.,

    Defendant.
_____/

FILED BY ___KJZ___ D.C.

Apr 25, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PRECLUDE THE EXPERT REPORT AND TESTIMONY OF SHARIF FARHAT [DE 98]

THIS CAUSE is before the Court upon Plaintiff, West Palm Beach Acquisitions, Inc., d/b/a Greenway Kia West Palm Beach's ("Plaintiff") Motion to Preclude the Expert Report and Testimony of Sharif Farhat ("Motion") [DEs 90, 98[1]]. Defendant, Kia Motors America, Inc. ("Defendant"), has filed a response to the Motion [DE 110], and Plaintiff has replied [DE 121]. The Court held a hearing on the Motion via Zoom video teleconference on April 18, 2022. The matter is now ripe for review. The Court has carefully considered the parties' written submissions, the parties' oral argument at the hearing, the record, and applicable law.

### I.    BACKGROUND

The dispute in this case concerns Defendant's attempt to terminate its franchise agreement

---

[1] The public, redacted version of the motion is at DE 90, and the sealed version is at DE 98.

with Plaintiff, a Kia dealership in West Palm Beach. Plaintiff has brought causes of action against Defendant under the Florida Dealer Act, which requires that any termination be supported by "good cause" and cannot be based upon performance metrics that are "unfair, unreasonable, arbitrary, or inequitable." *See* §§ 320.641(3), 320.64(42), Florida Statutes. One important issue in this case is whether Defendant's performance metric, Dealer Sales Efficiency ("DSE"), is appropriate pursuant to the Florida Dealer Act.

## II.  MOTION, RESPONSE, AND REPLY

Sharif Farhat ("Farhat"), the Vice President of Expert Analytical Services at Urban Science Applications, Inc., is Defendant's retained expert to explain the application of Defendant's DSE metric. Plaintiff does not dispute Farhat's qualifications, but rather disputes the reliability and helpfulness of Farhat's analysis and testimony. [DE 98 at 11]. Plaintiff generally argues that Farhat's entire analysis is based on DSE, which is an inherently faulty and unlawful performance standard under Section 320.64(42). *Id.* at 8–10. Plaintiff also contends that several jurisdictions have already found that DSE and similar metrics are unreliable and such metrics are not appropriate bases to terminate dealers. *Id.* at 10–15. According to Plaintiff, Farhat's analysis does not comport with Rules 702 and 703 because his opinions on DSE are *ipse dixit* and unsupported, he assumes DSE is accurate to prove DSE is accurate, and his opinions on Plaintiff's performance being inside of its control are too late and contradicted by the record. *Id.* at 15–20.

In response, Defendant explains that Farhat has never been excluded as an expert witness in any case and has been permitted to testify when he has used methodology similar to or identical to that used in this case. [DE 110 at 2]. Defendant argues that Plaintiff's challenge to DSE is not a *Daubert* challenge and also distinguishes the cases from other jurisdictions cited by Plaintiff. *Id.*

2

at 7–11. Next, Defendant asserts that Farhat's methodology satisfies Rules 702 and 703 because it is actually supported by data and analysis (not *ipse dixit*) and will assist the trier of fact. *Id.* at 11–17. Defendant further asserts that Farhat's opinions on factors within Plaintiff's control are admissible. *Id.* at 17–20.

In reply, Plaintiff argues that Defendant has not made any argument about Farhat's unsupported decision to exclude Miami-Dade from his calculations. [DE 121 at 3]. Plaintiff further asserts that Farhat offers no support for many of his other opinions and that Defendant did not perform the "deeper dive" Farhat suggests should have been done prior to issuing the notice of termination. *Id.* at 3–9.

### III. RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2–3 (S.D. Fla. July 1, 2020) (setting forth a clear and

detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n*, No. 19-cv-61365, 2020 WL 3581611, at *3 (quoting *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–59 (11th Cir. 2004) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999)).

In a bench trial, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for h[er]self." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005); *see also Gibbs v. Gibb*s, 210 F.3d 491, 500 (5th Cir. 2000); *Ass Armor, LLC v. Under Armour, Inc.*, No. 15-cv-20853-CIV, 2016 WL 7156092, at *4 (S.D. Fla. Dec. 8, 2016). That is because the Court as a fact finder is "presumably competent to disregard what he thinks he should not have heard, or to discount it for practical and sensible reasons." *Ass Armor*, 2016 WL 7156092, at *4 (internal quotation marks and citations omitted). At trial, the Court as fact finder is free to later decide to disregard testimony in whole or in part and/or to decide how much weight to give the testimony. *See Brown*, 415 F.3d at 1270.

Thus, "[w]here a trial judge conducts a bench trial, the judge need not conduct a *Daubert* (or Rule 702) analysis before presentation of the evidence, even though [s]he must determine admissibility at some point." *Travelers Prop. Cas. Co. of Am. v. Barkley*, No. 16-61768-CIV, 2017 WL 4867012, at *1 (S.D. Fla. June 2, 2017) (quoting *Kansas City S. Ry. Co. v. Sny Island Levee*

4

*Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016)). "Notwithstanding, courts may still go through the individual analyses of the experts or motions, and have granted these motions to strike prior to the bench trial." *Broberg v. Carnival Corp.*, No. 17-cv-21537, 2018 WL 4778457, at *1 (S.D. Fla. June 11, 2018) (citing *Exim Brickell LLC v. Bariven, S.A.*, No. 09-CV-20915, 2011 WL 13131317, at *4 (S.D. Fla. Mar. 11, 2011); *Goldberg v. Paris Hilton Entm't, Inc.*, No. 08-22261-CIV, 2009 WL 1393416, at *4 (S.D. Fla. May 18, 2009)), *report and recommendation adopted*, No. 17-21537-CIV, 2018 WL 4776386 (S.D. Fla. July 3, 2018).

## IV.   ANALYSIS AND RULINGS

As an initial matter, as discussed at the April 18, 2022 hearing and agreed to by the parties, the Court does not intend to admit into evidence Farhat's expert report, although the Court will allow any admissible exhibits to the report to come into evidence. Therefore, to the extent that Plaintiff argues that portions of Farhat's expert report should be excluded, this issue is resolved, and Plaintiff's Motion is therefore granted in part.

With regard to the *Daubert* analysis, there is no dispute as to Farhat's qualifications. Given the legal standard for cases proceeding as bench trials and the reduced need for gatekeeping, the Court finds, at this juncture, that the methodology used by Farhat is sufficiently reliable as determined after a *Daubert* inquiry. Moreover, his testimony will potentially assist the trier of fact in this complex area of the law.

At the bench trial, the Court shall hear from Farhat, rule on any timely objections, and determine what weight, if any, to give his testimony and opinions.

## V.   CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's

Motion to Preclude the Expert Report and Testimony of Sharif Farhat [DEs 90, 98] is **GRANTED IN PART AND DENIED IN PART**, as stated above. Farhat's written report shall not be admitted as evidence at trial. However, Farhat shall be permitted to testify and state his opinions. Since this case is proceeding by way of a bench trial, the Court's rulings are made without prejudice, and the Court will determine whether to credit or disregard Farhat's testimony in whole or in part and/or what weight, if any, to give his opinion testimony.

      **DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of April, 2022.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge