UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80780-MATTHEWMAN

WEST PALM BEACH ACQUISITIONS, INC.,
d/b/a Greenway Kia West Palm Beach, and
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY & MOTOR VEHICLES,

    Plaintiffs,

vs.

KIA MOTORS AMERICA, INC.,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
PLAINTIFF'S POST-TERMINATION PERFORMANCE [DE 141]**

THIS CAUSE is before the Court upon Defendant, Kia Motors America, Inc.'s ("Defendant") Motion *in Limine* to Exclude Evidence of Plaintiff's Post-Termination Performance ("Motion") [DE 141]. Plaintiff, West Palm Beach Acquisitions, Inc., d/b/a Greenway Kia West Palm Beach ("Plaintiff"), has filed a response to the Motion [DE 145], and Defendant has replied [DE 150]. The matter is now ripe for review. The Court has carefully considered the parties' written submissions, the parties' oral argument at the hearing, the record, and applicable law.

**I.    BACKGROUND**

The dispute in this case concerns Defendant's attempt to terminate its franchise agreement with Plaintiff, a Kia dealership in West Palm Beach. Plaintiff has brought causes of action against Defendant under the Florida Dealer Act.

1

## II.  MOTION, RESPONSE, AND REPLY

In the Motion, Defendant generally argues that "post-termination" evidence "did not form the basis for KMA's Notice of Termination, and is therefore irrelevant to Greenway's challenge to the Notice of Termination under Fla. Stat. § 320.641." [DE 141 at 1]. Defendant requests that the Court exclude any evidence at trial regarding Plaintiff's performance on or after March 1, 2020. *Id.* at 3.

In response, Plaintiff contends that post-termination evidence "shows the impact of KMA's rush to judgment" in terminating Plaintiff. [DE 145 at 1]. According to Plaintiff, the evidence Defendant seeks to exclude is both critical and relevant because the evidence shows that Defendant's "attempt to terminate Greenway's franchise was rushed, based on a stale data set, and fails to meet the statutory standard." *Id.* at 1–2.

In reply, Defendant argues that post-termination evidence is simply irrelevant under section 320.641, Florida Statutes. [DE 150 at 1–2].

## III.  RELEVANT LAW

The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984). Motions *in limine* are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421, at *1 (M.D. Fla. 2014)). Motions *in limine*

are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *United States v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, 19-cv-81160-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021).

Furthermore, "[i]t is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial." *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, No. 16-22484-CIV, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016) (citing *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (noting, "this is a bench trial, making any motion in limine asinine on its face"). "The rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent evidence." *Id.* (citing *Pinal Creek Grp. v. Newmont Mining Corp.*, No. CV-91-1764-PHX-DAE, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006); *see also matter of Blue Crest Holding Asset, Inc.*, No. 17-21011-CIV, 2018 WL 1463644, at *1 (S.D. Fla. Jan. 24, 2018). "The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." *Id.* (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ 3796 (PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004)).

## IV. ANALYSIS AND RULINGS

Based on the applicable law, the Court finds it appropriate to deny the Motion without prejudice for Defendant to raise its relevancy arguments regarding Plaintiff's post-termination evidence at the time of the bench trial, if Defendant has a good-faith basis to do so. There is no need for the Court to make a relevancy determination in a vacuum prior to trial when the Court is capable of disregarding inadmissible evidence during a bench trial. Moreover, it appears at this juncture, before the bench trial has commenced, that the evidence at issue may arguably be relevant to the issues of unfairness, good faith, and good cause under section 320.641, Florida Statutes.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion *in Limine* to Exclude Evidence of Plaintiff's Post-Termination Performance [DE 141] is **DENIED WITHOUT PREJUDICE**, as stated above. Since this case is proceeding by way of a bench trial, the Court's rulings are made without prejudice, and the Court will determine the relevancy of the post-termination evidence and/or what weight, if any, to give the evidence if it is admitted.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of April, 2022.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge